[Cite as *State v. Simoneau*, 2026-Ohio-3023.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

    v.                                    :

PAUL SIMONEAU,                 :

    Defendant-Appellant.     :

No. 115836

———————————————

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
                PART, AND REMANDED
**RELEASED AND JOURNALIZED:** August 6, 2026

———————————————

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-702330-A

———————————————

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Nora C. Bryan, Assistant Prosecuting
Attorney, *for appellee.*

Jaye M. Schlachet and Eric M. Levy, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Paul Simoneau appeals his convictions following a guilty plea, contending that he did not enter a knowing, voluntary, and intelligent plea because the trial court mentioned the possibility of community

control during the change-of-plea colloquy. He also contends that he received ineffective assistance of counsel because stand-in counsel failed to correct the trial court when it discussed this possibility of community control. Finally, he challenges his sentences, asserting that the court failed to consider the proper statutory factors, provide the requisite Reagan Tokes notifications, and advise him of the appropriate term of postrelease control.

{¶ 2} Finding some merit to the appeal, we affirm the trial court's findings of guilt and imposition of the individual prison sentences on each count, but reverse the imposition of postrelease control and remand for a limited resentencing for the trial court to properly advise Simoneau of postrelease control and to provide all the Reagan Tokes notifications required by R.C. 2929.19(B)(2)(c).

## I. Procedural Background

{¶ 3} In June 2025, the State named Simoneau in a 19-count indictment, charging him with sexually related offenses and specifications committed between September 2014 until December 2024, relative to four different victims.

{¶ 4} The State charged Simoneau with nine first-degree felony counts of rape, in violation of R.C. 2907.02(A)(2) (Counts 1-4, 10, 11, 16-18); two first-degree felony counts of kidnapping, in violation of R.C. 2905.01(A)(4) (Counts 5 and 14); two third-degree felony counts of abduction, in violation of R.C. 2905.02(B) (Counts 8 and 12); two first-degree misdemeanor counts of assault, in violation of R.C. 2903.13(A) (Counts 13 and 19); one second-degree felony count of felonious assault, in violation of R.C. 2903.11(A)(1) (Count 6); one second-degree felony count of

strangulation, in violation of R.C. 2903.18(B)(1) (Count 7); one second-degree felony count of corrupting another with drugs, in violation of R.C. 2925.02(A)(1) (Count 9); and one first-degree misdemeanor count of aggravated menacing, in violation of R.C. 2903.21(A) (Count 15). Counts 1-5, 10, 11, 14, 16-18 contained sexually violent predator specifications, and Counts 10-12, and 14 contained one- and three-year firearm specifications.

{¶ 5} The State and Simoneau entered into a plea agreement. The State made the following amendments to the indictment: Counts 1 and 17 by deleting the sexually violent predator specification attendant to each count; Count 7 by amending the strangulation offense to a fifth-degree felony; Count 10 by deleting all specifications; Count 12 by deleting the three-year firearm specification; Count 16 by amending the offense to attempted rape, in violation of R.C. 2923.02/2907.02(A)(2) and by deleting the sexually violent predator specification. Simoneau agreed to plead guilty to those amended counts, including the one-year firearm specification attendant to Count 12, and to Count 8 as charged in the indictment. He further agreed that the offenses were not allied and thus would not merge for sentencing. In exchange for his guilty pleas to those offenses, the State further agreed to nolle the remaining counts and specifications.

{¶ 6} At the sentencing hearing, Simoneau's victims provided impact statements, the trial court reviewed the State's sentencing memorandum, and Simoneau and counsel offered mitigation statements. The trial court imposed the

maximum sentence, ordering Simoneau to serve a stated prison sentence of 49 to 54.5 years.

## II. The Appeal

{¶ 7} Simoneau now appeals, raising three assignments of error.

### A. Maximum Penalty — Crim.R. 11(C)(2)(a)

{¶ 8} In his first assignment of error, Simoneau contends that he did not enter a knowing, voluntary, or intelligent plea because the trial court advised him that it could impose a period of community control when in fact he was subject to a mandatory prison term.

{¶ 9} A guilty plea involves a waiver of constitutional rights; thus, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992); *State v. Clark*, 2008-Ohio-3748, ¶ 25. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.* Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas; its purpose is to convey certain information to a defendant so they can make a voluntary and intelligent decision regarding whether to plead guilty. *Id.* at ¶ 11-12; *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). When reviewing guilty pleas, a court is to focus on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his [or her] plea." *Dangler* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16.

**{¶ 10}** "[A] defendant who challenges [a] guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made" is generally not entitled to have the plea vacated unless it is demonstrated that an error occurred and that prejudice arose from the failure of the trial court to comply with the provisions of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The test for prejudice is "'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *Nero* at *id*.

**{¶ 11}** However, the Supreme Court of Ohio has held that there are two instances in which a defendant is excused from the burden of demonstrating prejudice: (1) when a trial court "fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c)," *Clark* at ¶ 31; and (2) when a trial court "complete[ly] fail[s] to comply with" a nonconstitutional requirement of Crim.R. 11. *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. Aside from these two exceptions, a defendant claiming that his guilty plea was not knowingly, intelligently, and voluntarily entered is required to show prejudice. *Dangler* at ¶ 16.

**{¶ 12}** Thus, the questions that need to be addressed are (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *Dangler*, 2020-Ohio-2765, at ¶ 17.

**{¶ 13}** Simoneau contends that he did not understand the maximum penalty involved because the trial court misled him into believing that he was eligible for

community-control sanctions despite being subject to a mandatory prison term. The right to be informed at the plea hearing of the maximum possible penalty that could be imposed is a nonconstitutional right found in Crim.R. 11(C)(2)(a). *State v. Jones*, 2011-Ohio-1918, ¶ 6 (8th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

{¶ 14} Crim.R. 11(C)(2)(a) requires the trial court to determine that the defendant is "making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community-control sanctions at the sentencing hearing."

{¶ 15} We find that Simoneau affirmatively stated that he understood the potential penalties involved regarding each individual count, including a one-year mandatory prison sentence for the firearm specification. At no time during the court's explanation of the individual sentences did the court mention community control. Accordingly, we agree with Simoneau that the trial court did not make any actual statement to him that he was *ineligible* for community-control sanctions.

{¶ 16} But the record also does not support Simoneau's assertion that the trial court made *explicit* advisements that Simoneau *was* eligible for community control. Although the trial court subsequently used boilerplate conditional language after discussing the individual counts and maximum penalties — "if prison terms are imposed," "if you receive any community control sanctions," "if you're sentenced consecutively" (tr. 24-26) — this "conditional language should not be deemed

inordinately confusing in the absence of any expression of doubt by the defendant."
*State v. Harding*, 2018-Ohio-942, ¶ 22 (4th Dist.), citing *State v. McIntosh*, 2018-Ohio-51, ¶ 24 (4th Dist.).

{¶ 17} The record is devoid of any confusion or doubt. Neither Simoneau nor his counsel ever suggested that he was eligible for community control; rather the record demonstrates that Simoneau affirmatively acknowledged the maximum sentences on each count, the maximum sentence if all sentences were imposed consecutively, and that his one-year firearm specification required mandatory prison time. As such, the trial court did not completely fail to comply with the nonconstitutional mandates of Crim.R. 11(C)(2)(a). Because although the court explained the nature of the offenses and maximum penalties involved, it did not advise Simoneau that he would be ineligible for community control and subject to a mandatory prison term beyond the term for the firearm specification. *See generally Stewart*, 51 Ohio St.2d 86 (addressing that a court substantially complied with Crim.R. 11 even though it failed to mention that the defendant was ineligible for probation). Accordingly, under *Dangler*, Simoneau is required to demonstrate prejudice.

{¶ 18} Simoneau contends he was prejudiced because he was not represented by his assigned counsel and he subjectively believed he could receive a community-control sentence based on the court's assertions, which he claims induced him into pleading guilty rather than going to trial. As it will be discussed in addressing his second assignment of error, Simoneau did not object to or express

concern about stand-in counsel. Additionally, during the change-of-plea hearing, he stated he was satisfied with the representation he received. Accordingly, not having his assigned counsel present does not render his plea per se involuntary.

{¶ 19} In evaluating prejudice, the Supreme Court considers "'whether the plea would have otherwise been made.'" *Dangler*, 2020-Ohio-2765, at ¶ 16, quoting *Nero*, 56 Ohio St.3d at 108. A guilty plea is not reversible in a direct appeal after a partially compliant nonconstitutional advisement unless the "face of the record" shows the defendant would not have entered the plea but for the issue raised. *Dangler* at ¶ 23-24 (upholding the plea where there was nothing in the record indicating that the defendant would not have entered his plea had he been more thoroughly informed of the sex-offender registry details).

{¶ 20} Nothing on the face of the record before this court indicates that Simoneau would not have entered his plea had he been advised he was ineligible for community control. Simoneau faced 11 first-degree felony charges — rape and kidnapping offenses — that all carried sexually violent predator specifications. As part of the plea agreement, the State amended each count to remove the specification; thus, he accepted a plea that significantly reduced his exposure to a potential stated life sentence. Based on the totality of the circumstances, we cannot say that Simoneau's decision to plead guilty was induced by the court's boilerplate, conditional statements about community control. Simoneau has not demonstrated prejudice that would require this court to vacate his plea based on a finding that he did not enter a knowing, intelligent, and voluntary plea.

{¶ 21} His first assignment of error is overruled.

## B. Effective Assistance of Counsel

{¶ 22} In his second assignment of error, Simoneau contends that he received ineffective assistance of counsel, rendering his plea involuntary because his counsel failed to ensure his rights were properly protected when substitute defense counsel failed to correct the trial court's erroneous advisements regarding mandatory prison time and his eligibility for community control.

{¶ 23} At the outset, we reject Simoneau's argument that he was per se prejudiced by stand-in counsel because the trial court did not confirm that Simoneau approved of the representation. After the State set forth the plea agreement, stand-in counsel stated that the State's recitation of the plea offer mirrored his understanding and further advised the court that both he and Simoneau's assigned counsel discussed the plea offer with him and that Simoneau was "prepared to enter a guilty plea today knowingly, intelligently, and voluntarily." (Tr. 20.) When asked whether he was satisfied "with your *attorneys'* representation," Simoneau stated "yes." (Emphasis added.) *Id.* Accordingly, contrary to Simoneau's assertion on appeal, the record reflects that Simoneau was satisfied with both stand-in and assigned counsel. He did not object to or express confusion about stand-in counsel representing him.

{¶ 24} A claim for ineffective assistance of counsel is waived by a guilty plea unless counsel's deficient representation caused the guilty plea to be involuntary. *State v. Hudson*, 2011-Ohio-6272, ¶ 24 (8th Dist.). The two-part *Strickland* test

applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), citing *Strickland v. Washington*, 466 U.S. 668 (1984). *Accord State v. Romero*, 2019-Ohio-1839, ¶ 14-15. The defendant must first show that counsel's performance was deficient. *Romero* at ¶ 15, citing *Strickland* at 687. Even if Simoneau's allegation regarding his attorneys' deficient performance were credible, he must also demonstrate prejudice — "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Romero* at ¶ 16, 28, quoting *Hill* at 59; *see also Strickland* at 687.

{¶ 25} This demonstration requires more than "'post hoc assertions . . . about how he would have pleaded but for his attorney's deficiencies.'" *Romero* at ¶ 28, quoting *Lee v. United States*, 582 U.S. 357, 369 (2017). "When a defendant claims that he would not have entered a guilty plea but for the ineffective assistance of counsel, the prejudice inquiry 'focuses on a defendant's decisionmaking.'" *State v. Bozso*, 2020-Ohio-3779, ¶ 29, quoting *Lee* at 367, citing *Hill*. Courts must look to contemporaneous evidence substantiating the defendant's assertion. *Romero* at ¶ 28, citing *Lee* at 369. In *Romero*, the Ohio Supreme Court viewed and considered the defendant's affidavit in support of his postsentence motion to withdraw his guilty plea as contemporaneous evidence to substantiate his assertion that his counsel did not advise him of the possibility of deportation if he pleaded guilty. *Id.*

{¶ 26} Here, no such evidence exists in the record before this court. Simoneau presents no contemporaneous evidence proving that but for counsel's

performance, he would have made a different decision. He has not directed this court to any statements or circumstances suggesting that he placed particular emphasis on the possibility of receiving community control in deciding whether to plead guilty. Moreover, prior to sentencing, the State prepared a sentencing memorandum requesting a significant sentence, including consecutive sentences. During sentencing and after acknowledging that he reviewed the memorandum, Simoneau's counsel did not advance any argument in favor of community control, suggesting that it was a possibility. Accordingly, nothing in the record supports a finding of prejudice for this court to conclude that Simoneau was deprived of effective assistance of counsel. The second assignment of error is overruled.

## C. Sentence

{¶ 27} In his third assignment of error, Simoneau challenges his sentence. Specifically, he raises three issues: (1) the trial court erred by imposing maximum, consecutive sentences without articulating on the record the statutory sentencing factors; (2) the trial court failed to verbally advise him of the Reagan Tokes notifications; and (3) the trial court issued a journal entry inconsistent with the verbal advisements regarding postrelease control.

### 1. Maximum Individual Sentences

{¶ 28} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds

either that the record does not support the sentencing court's findings as required by certain sentencing statutes or the sentence is "otherwise contrary to law." *Id.* at ¶ 23 (applying R.C. 2953.08(G)(2) standard to sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12).

{¶ 29} Simoneau contends his sentence is contrary to law because the record affirmatively demonstrates that the trial court did not comprehensively consider or actively weigh the statutory guidelines and mitigating factors as required by R.C. 2929.11 and 2929.12 prior to imposing maximum consecutive sentences. Although he concedes that formal consideration is presumed and that the trial court's sentencing entry states the court considered the requisite statutory factors, Simoneau contends that the trial court simply went through each offense and generically imposed the maximum sentence without considering any actual seriousness or recidivism factors.

{¶ 30} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law provided that "the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 10, 16 (8th Dist.); *see also State v. Pate*, 2021-Ohio-1089, ¶ 3 (8th Dist.) (A court's imposition of any prison term, even a maximum term, is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12.).

{¶ 31} R.C. 2929.11 and 2929.12 are not factfinding statutes and although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors. *Pate* at ¶ 6. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). "Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Pierce*, 2023-Ohio-528, ¶ 41 (8th Dist.), citing *State v. Sutton*, 2015-Ohio-4074, ¶ 72 (8th Dist.).

{¶ 32} Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. A sentence imposed for a felony should be reasonably calculated to achieve the three overriding purposes of felony sentencing and must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 33} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Switzer*, 2015-Ohio-2954, ¶ 10 (8th

Dist.). In exercising this discretion, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. The court must also consider any factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense." Finally, the court must consider any factors indicating that the offender is less likely to commit future crimes. R.C. 2929.12(E).

{¶ 34} Our review of the record reveals that the trial court properly considered R.C. 2929.11 and 2929.12. The trial court first stated that it reviewed a letter from one of the victims and the State's sentencing memorandum, which defense counsel also reviewed. It then heard statements from the State, emphasizing the severity of the case and the impact the offenses had on the multiple victims, and characterizing Simoneau's criminal history as "pretty awful." (Tr. 35.) The State asked the court to impose consecutive sentences. Two of the victims also provided statements to the court, expressing the horrific trauma and the emotional, physical, and sexual abuse suffered at the hands of Simoneau. Finally, Simoneau and his counsel addressed the court and made arguments regarding mitigation, including a discussion of Simoneau's family support, history of chronic drug and alcohol addiction, severe mental-health issues, and offering apologies to the victims for his actions and accepting responsibility.

{¶ 35} In imposing sentence, the court focused on the gravity of the crimes, the impact on each victim, and Simoneau's extensive criminal history, including prior sexually related offenses. The court specifically noted that it could not "really

know how to put into words in a way that I think you would really understand the amount of damage that you've done, because these women can't turn back the clock. They can't go back to who they were. You fundamentally changed their lives. And you kept doing it." (Tr. 63.) The court further mentioned Simoneau's drug and alcohol addiction and his accepting responsibility for his actions. Accordingly, although the trial court did not verbally state that it considered the R.C. 2929.11 purposes and principles of sentencing or the seriousness and recidivism factors as found in R.C. 2929.12, we can glean from the court's statements that it considered those factors in imposing the sentence.

{¶ 36} Based on the record before this court, we find no merit to Simoneau's argument that the trial court failed to consider R.C. 2929.11 and 2929.12. The trial court's imposition of the maximum term on each count is not contrary to law.

### 2. Reagan Tokes Advisements

{¶ 37} Simoneau claims that the trial court failed to verbally advise him at sentencing of the Reagan Tokes notifications contained in R.C. 2929.19(B)(2)(c). The record supports Simoneau's assertion, and the State has conceded the error.

{¶ 38} When the trial court fails to provide all of the advisements required under R.C. 2929.19(B)(2)(c) for the non-life indefinite sentence imposed, the appropriate remedy is a limited resentencing. *See State v. Bradley*, 2022-Ohio-2954, ¶ 13 (8th Dist.).

### 3. Postrelease-Control Notification

{¶ 39} Simoneu claims that the trial court also failed to accurately advise him at sentencing that postrelease control on Counts 1 and 10 was for a mandatory period of five years. The record reflects that the trial court advised Simoneau that postrelease control on those counts was for a "mandatory two years up to five years." (Tr. 65.) The trial court's judgment entry, however, provided that Simoneau would be "subject to a period of post-release [sic] control of: a mandatory 5 years."

{¶ 40} The State concedes this error, asserting that although the trial court accurately advised Simoneau regarding postrelease control during the plea hearing, the trial court's sentencing journal entry is inconsistent with the verbal advisements given during sentencing.

{¶ 41} A trial court "is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry." *State v. Grimes*, 2017-Ohio-2927, ¶ 11, citing *State v. Jordan*, 2004-Ohio-6085, ¶ 22. Pursuant to R.C. 2967.28(B)(1), Simoneau's mandatory period of postrelease control for both Counts 1 and 10 was five years because he was convicted of a felony sex offense. Accordingly, pursuant to R.C. 2967.28(G)(1), the trial court should have advised him during sentencing that his period of postrelease control was a mandatory five years. Again, the appropriate remedy is a limited resentencing for the court to issue the correct advisement. *See State v. Taylor*, 2018-Ohio-4861, ¶ 13 (8th Dist.).

{¶ 42} Simoneau's third assignment of error is sustained in part and overruled in part.

## III. Conclusion

{¶ 43} Judgment affirmed in part, reversed in part, and remanded for a limited resentencing for the trial court to accurately impose postrelease control and verbally notify Simoneau of the Reagan Tokes advisements as provided for and required by R.C. 2929.19(B)(2)(c). The duration of the sentence, including individual sentences, and the underlying guilty pleas are affirmed.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, in part, any bail pending appeal is terminated. Case remanded to the trial court for a limited resentencing hearing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
DEENA R. CALABRESE, J., CONCUR